```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**BRIAN L. BROWN,**

                            **Petitioner,**

         **v.**                                  **CASE NO. 06-3069-RDR**

**WARDEN, USP-FLORENCE,**

                            **Respondent.**

### O R D E R

Before the court is a pro se pleading filed by a prisoner incarcerated in the United States Penitentiary in Florence, Colorado (USP-Florence). Petitioner seeks a "Writ of Assistance fo Writ of Habeas Corpus Ad Testificandum" pursuant to the 28 U.S.C. §§ 1651 and 2241.

Having reviewed the record, the court grants petitioner leave to proceed in forma pauperis in this matter, and dismisses the petition without prejudice.

Petitioner essentially seeks an order from this court requiring petitioner's transport and appearance in a state court hearing scheduled for May 18-19, 2006, concerning the termination of petitioner's parental rights. *See* <u>In interests of Alysa Frakes</u>, Brown County District Court Case No. 04-JC-6). The court denies this request.

A United States District court has original jurisdiction of any action in the nature of mandamus to compel "an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus is a drastic remedy available only upon a

showing of a clear and indisputable right to the relief requested. <u>Weston v. Mann (In re Weston)</u>, 18 F.3d 860, 864 (10th Cir. 1994). To qualify for mandamus relief, a petitioner must establish: (1) a clear right to the relief sought; (2) a plainly defined and peremptory duty on the part of the respondent to do the action in question; and (3) that no other adequate remedy is available. <u>Johnson v. Rogers</u>, 917 F.2d 1283, 1285 (10th Cir. 1990). The petitioner also must show that his right to the writ is "clear and indisputable." <u>Id</u>.

Significantly, this court's mandamus power does not extend to state court officials. *See* 28 U.S.C. § 1361(U.S. district court has original jurisdiction of any action in the nature of mandamus to compel "an officer or *employee of the United States or any agency thereof* to perform a duty owed to the plaintiff")(emphasis added). This court has no authority to issue such a writ to "direct state courts or their judicial officers in the performance of their duties." <u>Van Sickle v. Holloway</u>, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986)(*quoting* <u>Haggard v. State of Tennessee</u>, 421 F.2d 1384, 1386 (6th Cir. 1970)).

Further, a federal court is authorized to issue a writ of habeas corpus if "[i]t is necessary to bring [the habeas applicant] to trial." 28 U.S.C. 2241(c)(5). However, there is no proceeding in the federal court requiring petitioner's presence as a party or witness, and petitioner identifies no resort to the state district or appellate courts for issuance of a comparable writ under state law to secure his presence in the state civil action. *Compare* <u>Barber v Page</u>, 390 US 719 (1968)(where prospective witness in state *criminal* action was in federal custody, 28 U.S.C.A. § 2241(c)(5)

authorized federal court to issue writ of habeas corpus ad testificandum at request of state prosecutor; additionally, it was Bureau of Prison policy to permit federal prisoners to testify in *criminal* court proceedings).

IT IS THEREFORE ORDERED that petitioner is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that the petition is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 28th day of March 2006, at Topeka, Kansas.

  s/ Richard D. Rogers  
RICHARD D. ROGERS  
United States District Judge