```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**BRIAN L. BROWN,**

                     **Petitioner,**

        v.                               **CASE NO. 06-3069-RDR**

**WARDEN, USP-FLORENCE,**

                      **Respondent.**

### **O R D E R**

Petitioner, a prisoner incarcerated in the United States Penitentiary in Florence, Colorado, initiated this action with a pleading titled as seeking a "Writ of Assistance for [a] Writ of Habeas Corpus Ad Testificandum" pursuant to the 28 U.S.C. §§ 1651 and 2241. Petitioner sought a court order for his transport to, and appearance in, a state court hearing in Kansas scheduled for May 18-19, 2006, concerning the termination of petitioner's parental rights. *See* In interests of Alysa Frakes, Brown County District Court Case No. 04-JC-6). The court granted petitioner leave to proceed in forma pauperis and dismissed the action without prejudice, finding petitioner was not entitled to a writ of habeas corpus ad testificandum or a writ of mandamus concerning any federal officials, and finding the court's mandamus authority did not extend to state officials.

Before the court is petitioner's motion for reconsideration (Doc 6), docketed on April 14, 2006. A motion to reconsider filed more than ten days after the entry of judgment is construed as a

motion for relief under Rule 60(b).[1]  <u>Weitz v. Lovelace Health System Inc.</u>, 214 F.3d 1175, 1178 (10th Cir. 2000).  A Rule 60(b) motion is not a vehicle to reargue the merits of the underlying judgment, to advance new arguments which could have been presented in the parties' original motion papers, or as a substitute for appeal.  <u>Servants of Paraclete v. Does, 204 F.3d 1005, 1012</u> (10th Cir. 2000); <u>Cashner v. Freedom Stores, Inc.</u>, 98 F.3d 572, 576-77 (10th Cir. 1996).  Relief under Rule 60(b) is "extraordinary and may be granted only in exceptional circumstances."  <u>Amoco Oil Co. v. United States Environmental Protection Agency</u>, 231 F.3d 694, 697 (10th Cir. 2000).

Petitioner maintains his request for transport is directed at federal rather than state officials, and reiterates his allegations of constitutional deprivation if he is not allowed to be present at the state court hearing.  The court finds no basis for relief under Rule 60(b) has been demonstrated, and denies petitioner's motion for reconsideration.

Also before the court is petitioner's notice of appeal from the final order and judgment entered in this matter, and motion for leave to proceed in forma pauperis on appeal.  Pursuant to Rule

---

[1] Rule 60(b) provides in relevant part:
On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

24(a) of the Federal Rules of Civil Procedure, petitioner proceeds in forma pauperis on appeal from the denial of petitioner's habeas application.

IT IS THEREFORE ORDERED that petitioner's motion for reconsideration (Doc. 6) is denied, and that petitioner proceeds in forma pauperis on appeal.

**IT IS SO ORDERED.**

DATED:  This 4th day of May 2006, at Topeka, Kansas.

 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge